IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:12-cv-61515-RSR

STEVE STEENBACK,

    Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

_____/

**PLAINTIFF'S NOTICE OF FILING PROPOSED
JURY INSTRUCTIONS**

Plaintiff STEVE STEENBACK, by and through his undersigned counsel, hereby files his Proposed Jury Instructions, in accordance with this Court's Order, dated October 4, 2012 [D.E. 14].

Dated: August 16, 2013

    Respectfully Submitted,

    /s/   Charles Eiss
    CHARLES M. EISS, Esquire
    Florida Bar Number: 612073
    Icelaw21@aol.com
    LINDSAY MARIE TIMARI, Esquire
    Florida Bar Number: 92098
    ltimari@yahoo.com
    Law Offices of Charles Eiss P.L..
    8211 West Broward Boulevard
    Suite 360
    Plantation, Florida 33324
    (954) 812-9513 (Cell)
    (855) 423-5298 (Fax)

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of August, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                 s/Charles Eiss
                                                                                 Charles Eiss, Esquire

## SERVICE LIST

*STEVE STEENBACK v. FEDERAL EXPRESS CORPORATION*
*CASE NO. 0:12-CV-61515-RSR*

Charles M. Eiss, Esq.
Email: icelaw21@aol.com
Lindsay Marie Timari, Esq.
Email: ltimari@yahoo.com
LAW OFFICES OF CHARLES EISS, P.L.
8211 W. Broward Blvd.
Suite 360
Plantation, FL 33324
Tel: 954-681-1983
Fax: 954-473-4907
Counsel for Plaintiff


Patrick F. Martin, Esq.
E-Mail: pfmartin@littler.com
LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite 1500
Two South Biscayne Blvd.
Miami, FL 33131
Tel: 305-400-7500
Fax: 305-603-2552

Frederick L. Douglas, Esq.
E-Mail: frederick.douglas@fedex.com
FEDERAL EXPRESS CORPORATION
Building B., Third Floor
3620 Hacks Cross Road
Memphis, TN 38125
Tel: 901-434-8512
Fax: 901-434-9271

Counsel for Defendant

Method of Service: CM/ECF Notice

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:12-cv-61515-RSR

STEVE STEENBACK,

    Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    It is my duty to instruct you on the rules of law that you must use in deciding this case.

    When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

# **PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 1**

Plaintiff claims that he has been damaged by Defendant's violation of Florida's Whistle Blower's Act. Florida Statutes § 448.102 provides, in part pertinent to Plaintiff's claim that: "An employer may not take any retaliatory personnel action against an employee because that employee has objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

Plaintiff has alleged, that Defendant has violated 29 U.S.C. § 654, et seq., also known as the Occupational Safety and Health Act, which commands, inter alia, that an employer "shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;". 29 U.S.C. § 654, the Occupational Safety and Health Act is a law, rule or regulation pursuant to the Florida Whistleblower Act.

Given _____

Given as modified _____

Denied_____

Withdrawn  _____

## **PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 2**

<u>Plaintiff was fired from his job with Defendant. Such firing is a retaliatory personnel action as contemplated by Florida Statutes § 448.102.</u>

Given _____

Given as modified _____

Denied_____

Withdrawn _____

## **PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 3**

Plaintiff has alleged that Defendant has taken a retaliatory personnel action against him because of his objections to Defendant's unlawful practices under the Occupational Safety and Health Act.

To prevail on his claim of retaliation, Plaintiff must prove by a preponderance of the evidence, that:

1. The Plaintiff opposed employment practices that he reasonably and in good faith believed constituted a violation of the Occupational Safety and Health Act;

2. Plaintiff was discharged from his employment; and

3. The Plaintiff's opposition to the unlawful practices under the Occupational Safety and Health Act was a motivating factor in the decision to discharge him.

In determining whether Plaintiff's opposition to unlawful practices under the Occupational Safety and Health Act was a motivating factor in the Defendant's decision to fire Plaintiff, it is not necessary that Plaintiff prove that the opposition to the unlawful practices under the Occupational Safety and Health Act was the sole reason for the decision. It is sufficient if it is just a motivating reason. A motivating reason is a reason or desire that causes someone to take action.

<u>If you determine that Plaintiff has proven each of the elements stated herein by a preponderance of the evidence then you must find for the Plaintiff on his claim.</u>

Given _____

Given as modified _____

Denied_____

Withdrawn _____

## PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 4

The Plaintiff may also prove by a preponderance of the evidence, that Defendant's stated reason for firing Plaintiff from his job is false or a pretext for the retaliatory personnel action by persuading you that Defendant's offered reason is not believable or that it was not the true reason for firing Plaintiff. If you find that Defendant's offered reason was false or pretextual, the law allows you to infer that Defendant intended to take a retaliatory personnel action against Plaintiff and you may find for the Plaintiff for this reason alone.

Given _____

Given as modified _____

Denied_____

Withdrawn _____

## **PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 5**

If you determine that Defendant took retaliatory personnel action against Plaintiff, in violation of the Florida Whistleblower Act then you must determine the amount of damages that Defendant has caused the Plaintiff.

You may award as actual damages an amount that reasonably compensates Plaintiff for any lost wages and benefits taking into consideration any increases in salary and benefits that Plaintiff would have received had he not suffered the retaliatory personnel action. Basically, you have the ability to make Plaintiff whole for any wages or other benefits that he has lost as a result of his discharge.

Given _____

Given as modified _____

Denied _____

Withdrawn _____